UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.  2:18-cv-14189-ROSENBERG/MAYNARD

ATHENE ANNUITY AND LIFE
COMPANY, *an Iowa corporation
formerly known as* AVIVA LIFE
INSURANCE COMPANY, *et al.*,

     Plaintiffs,

v.

MARY LOU JONES, *et al.*,

     Defendants.
_____/

**ORDER GRANTING DEFENDANT MARY LOU
JONES'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on Defendant Mary Lou Jones's Motion for Partial Summary Judgment on Count One of the Amended Crossclaim [DE 67].  The Court has carefully considered the Motion, Defendant Barbara Gayle Fowler's Response [DE 70], and Ms. Jones's Reply [DE 75], and is otherwise fully advised in the premises. For the reasons set forth below, the Motion for Partial Summary Judgment is **GRANTED**.

**I.     UNDISPUTED FACTS**

Ralph Fowler became a quadriplegic in 2005 as a result of a severe work accident.  DE 68 at 1; DE 71 at 1.  In 2007, he entered into a Settlement Agreement and Release ("Settlement Agreement") in connection with the resolution of a workers' compensation claim.  DE 68 at 2; DE 71 at 1; DE 71-1 at 28-44.  The Settlement Agreement provided for periodic payments to be made to him.  DE 68 at 2; DE 71 at 1; DE 71-1 at 43.  The Settlement Agreement contained the following provision:

PAYEE'S BENEFICIARY

> Any payment(s) required to be made after the death of Ralph Fowler, pursuant to the terms of this Settlement Agreement, shall be made to the Estate of Ralph Fowler, or to such other person or entity as shall be designated, in writing, by Employee to Insurer. If no person or entity is designated, or if the person(s) designated is/are not living at the time of the Payee's death, such payment(s) still due shall be made to the estate of the Payee. No such designation, or any revocation thereof, shall be effective unless it is in writing and delivered to the Insurer. The designation must be in a form acceptable to the Insurer before such payments are made.

DE 68 at 2; DE 71 at 1; DE 71-1 at 44. The Settlement Agreement also stated: "This Settlement Agreement and Release shall be governed by and construed in accordance with the internal laws of the State of Florida without reference to principles of choice of law, conflict of laws or comity." DE 71-1 at 37.

Plaintiffs subsequently assumed the obligation to make the periodic payments and purchased Structured Settlement Single Premium Immediate Annuity Contracts ("annuity contracts"). DE 68 at 2; DE 68-7; DE 71 at 1. The annuity contracts state:

> You may make a change of Beneficiary provided You reserved the right by filing an acceptable written notice of change with Us. The change will not take effect until it is recorded by Us at Our Administrative Office. When recorded, the change will take effect on the date the notice was signed.

DE 68 at 2; DE 68-7 at 5, 9; DE 71 at 1. The annuity contracts did not contain choice-of-law provisions. *See* DE 68-7.

In September 2013, Mr. Fowler attempted to change his direct deposit account and to change the beneficiary of the annuity from his estate to his mother, Ms. Jones. DE 68 at 3; DE 71 at 2. Plaintiffs initially rejected both changes because Mr. Fowler's signature was not "on file" and his signatures on the change request forms were not notarized. DE 68 at 3; DE 68-13; DE 68-15;

2

DE 71 at 2. Plaintiffs processed the changes after receiving change request forms with a notarized signature. DE 68 at 3; DE 68-14; DE 68-16; DE 68-17; DE 71 at 2.

In October 2013, Mr. Fowler sent Plaintiffs a Durable Power of Attorney granting Ms. Jones power of attorney. DE 68 at 3; DE 68-18; DE 71 at 2. "Ralph Fowler" was printed on the line for Mr. Fowler's signature, and the signature page was notarized. DE 68-18 at 6. Plaintiffs' corporate representative, Lori Ripper, would later testify during her deposition that the signature on the Durable Power of Attorney became "the accepted signature on file" for Mr. Fowler. DE 68-12 at 6-7, 42-44.

On October 6, 2017, while Mr. Fowler was in the hospital due to breathing problems, he purportedly signed a Beneficiary Change Request form for the annuity by marking an "X" in the space for "Owner Signature." DE 68 at 4-5; DE 68-8; DE 71 at 2-3. Ms. Fowler, his ex-wife, had brought the Beneficiary Change Request form to the hospital, and the form named Ms. Fowler the beneficiary of the annuity. DE 68 at 4; DE 68-8 at 2; DE 71 at 3. Christina Powell and Tarsus Thomas signed the Beneficiary Change Request form as witnesses. DE 68 at 5; DE 68-8 at 4; DE 71 at 3. The Beneficiary Change Request form contained the following preprinted statement: "By signing below . . . I acknowledge this request is subject to the provisions and conditions of my policy/contract(s) and Athene may request additional information in order for my request to be processed." DE 68-8 at 4. The Beneficiary Change Request form also contained the following preprinted statement: "I understand by submitting this document, I revoke any existing beneficiary designations and settlement agreement and request Athene change the beneficiary for the listed policy/contract(s)." *Id.*

Mr. Fowler was discharged from the hospital on October 6, 2017, and he died at his home two days later. DE 68 at 5; DE 71 at 3. Ms. Fowler sent the Beneficiary Change Request form to

3

Plaintiffs on October 10.  DE 68 at 5; DE 71 at 4.  On October 17, Plaintiffs sent a letter stating that the request to change the beneficiary "could not be processed at this time due to the following: Need signature notarized or guaranteed."  DE 68 at 5; DE 68-10; DE 71 at 4.  According to Ms. Ripper's deposition testimony, Plaintiffs' policies for change of beneficiary forms include that "[t]he request must be clear and concise and signed and dated by the annuitant/payee" and that "[t]he signature must match the current signature that [Plaintiffs] have on file."  DE 68-12 at 20-21, 33.  If Plaintiffs cannot verify the signature, their policy is to request a notarized signature "[b]ecause the notary asks for identification of the person with the actual signature so that they can verify that that is that person."  *Id.* at 56-57.  A witnessed signature is unacceptable to Plaintiffs because "a witness wouldn't necessarily ask for ID."  *Id.* at 58.  Ms. Fowler requested that the Beneficiary Change Request be honored, and Ms. Jones submitted a claim to the annuity as the designated beneficiary.  DE 68 at 5-6; DE 68-9; DE 68-21; DE 71 at 4.

## II.    PROCEDURAL HISTORY

Plaintiffs commenced this action by filing a Complaint for Interpleader, seeking a resolution of Ms. Jones's and Ms. Fowler's competing claims to the annuity payments.  DE 1.  This Court ordered Plaintiffs to deposit the payments into the Court Registry.  DE 15.

Ms. Jones filed an Amended Crossclaim against Ms. Fowler, seeking a declaration that the Beneficiary Change Request is invalid because: it does not comply with Plaintiffs' requirements to change a beneficiary (Count I); the "X" on the Beneficiary Change Request form was not made by Mr. Fowler and is a forgery (Count II); Mr. Fowler made the "X" on the Beneficiary Change Request form by mistake (Count III); Mr. Fowler lacked the capacity to execute the Beneficiary Change Request (Count IV); and the Beneficiary Change Request was the result of Ms. Fowler's undue influence on Mr. Fowler (Count V).  DE 61.  The Amended Crossclaim also raises a claim

of tortious interference with an expectancy (Count VI). *Id.* at 13-14. Ms. Jones now seeks summary judgment on Count I of the Amended Crossclaim, stating that a grant of summary judgment on Count I will resolve this case. DE 67.

### III.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant meets this burden, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial. *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018).

"A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). When deciding a summary judgment motion, a court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016). The court does not weigh conflicting evidence or make credibility determinations. *Id.*

### IV.     ANALYSIS

Ms. Jones and Ms. Fowler first dispute whether the substantive law of Florida or of Massachusetts controls in this action. Ms. Jones contends that Florida substantive law controls due to the choice-of-law provision in the Settlement Agreement and because this action is based on diversity jurisdiction. DE 67 at 7; DE 75 at 6-9; *see* 71-1 at 37; *see also McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001) (stating that a federal court exercising diversity jurisdiction applies the forum state's substantive law, including the forum state's choice-of-law rules);

*Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000) ("Generally, Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy."). Ms. Fowler cites to Florida substantive law, but alternatively contends that Massachusetts substantive law controls because the "annuity documents relied on by Jones in her Motion for Summary Judgment to establish Athene's policies and requirements regarding the beneficiary change request clearly demonstrate that Massachusetts law and not Florida law governs the determination of the sufficiency of the change request." DE 70 at 13-16. Ms. Fowler points to the Uniform Qualified Assignment, in which Plaintiffs assumed the obligation to make the periodic payments to Mr. Fowler, which states: "This Agreement shall be governed by and interpreted in accordance with the laws of the State of Massachusetts." DE 70 at 14-15; DE 71-1 at 13-14.

This action does not involve an issue of interpretation, construction, or application of the Uniform Qualified Assignment. Ms. Jones and Ms. Fowler do not dispute that Plaintiffs assumed the obligation to make the periodic payments. *See* DE 68 at 2; DE 71 at 1. Rather, at issue are the provisions in the Settlement Agreement and the annuity contracts relating to beneficiary designations and requiring a beneficiary designation to be in an acceptable form. *See* DE 68-7 at 5, 9; DE 71-1 at 44. The Court concludes that Florida substantive law controls here.

Ms. Jones argues that the Beneficiary Change Request is invalid because it is not in a form acceptable to Plaintiffs in that Mr. Fowler's signature on the Beneficiary Change Request form was not on file with Plaintiffs and was not notarized. DE 67 at 8-11. Ms. Jones asserts that Mr. Fowler was on notice of Plaintiffs' signature requirements after Plaintiffs initially rejected his 2013 attempts to change his direct deposit account and to change the beneficiary of the annuity.

*Id.* at 9.  Ms. Fowler responds that Plaintiffs' files contain "numerous examples of Ralph Fowler's 'X' mark," and therefore the "X" is on file.  DE 70 at 9-11.

The law applicable to a beneficiary designation for a life insurance policy also applies to a beneficiary designation for an annuity.  *See Great Am. Life Ins. Co. v. McLoughlin*, No. 13-60924-CIV, 2013 WL 12089958, at *5-6 (S.D. Fla. Nov. 26, 2013).  "In Florida, the right of an insured to change the beneficiary of a life insurance policy depends on the terms of contract between the insurer as expressed in the life insurance policy." *United States Life Ins. Co. in the City of New York v. Logus Mfg. Corp.*, 845 F. Supp. 2d 1303, 1312 (S.D. Fla. 2012) (quotation marks omitted).  Under Florida law, "one who seeks to change the beneficiary of a life insurance policy must strictly comply with the policy's terms."  *Id.* at 1314-15 (explaining that Florida has rejected a doctrine of substantial compliance, under which the policy owner's intent is a relevant factor, in favor of a doctrine of strict compliance).  A "change of beneficiary is complete when the insured has taken all steps necessary, and otherwise done all in his power, to effect a change of beneficiary, and all that remains to be done is some ministerial duty on the part of the insurer."  *Id.* at 1315 (quotation marks omitted) (defining a "ministerial duty" as "one that requires no discretion on the part of the insurance company").  The "burden of proving that there has been strict compliance, and therefore an effective change of beneficiary, rests squarely on the person claiming as the substitute beneficiary."  *Id.*

There is no genuine issue for trial as to whether the Beneficiary Change Request is in a form acceptable to Plaintiffs.  Plaintiffs' policy is that a signature on a change of beneficiary form must either match the signature that Plaintiffs have on file or be notarized.  DE 68-12 at 20-21, 33, 57.  Mr. Fowler's printed signature "Ralph Fowler" on the October 2013 Durable Power of

Attorney was the "the accepted signature on file," and the Beneficiary Change Request form was not notarized.  DE 68-8 at 4; DE 68-12 at 42-44; DE 68-18 at 6.

Even if the Court accepts Ms. Fowler's contention that a signature anywhere in Plaintiffs' files is the signature "on file," Ms. Fowler has identified no document from Plaintiffs' files that was signed with only an "X."  Ms. Fowler instead points to documents that were signed "Ralph X Fowler," "X Teresa Fowler POA," or "Ralph Fowler X/Teresa Fowler POA."  DE 71 at 2, 10; DE 71-1 at 20-21, 27, 42, 47-50.  At most, these documents indicate that "Ralph X Fowler," "X Teresa Fowler POA," and "Ralph Fowler X/Teresa Fowler POA" were signatures on file for Mr. Fowler.

Ms. Fowler argues that, if the Beneficiary Change Request is not in a form acceptable to Plaintiffs, Plaintiffs have invited an error because the Beneficiary Change Request form is flawed in that the signature space on the form is labeled "Owner Signature," rather than "Payee Signature" or "Annuitant Signature," and in that the form does not indicate that a notarized signature may be required.  DE 70 at 11-12; *see* DE 68-8.  Ms. Fowler provides no support for her assertion that an error on a beneficiary change form may excuse a failure to strictly comply with the policy terms for a beneficiary change.  As the purported substitute beneficiary, it is Ms. Fowler's burden to prove strict compliance with the policy terms.  *See Logus Mfg. Corp.*, 845 F. Supp. 2d at 1315.  As to the lack of a reference to a notarized signature, which Ms. Fowler admits is her "[m]ore important[]" concern regarding the Beneficiary Change Form, the lack of a preprinted space for a notary's signature is not an error.  *See* DE 70 at 11.  Plaintiffs do not require a notarized signature in every case, but only where the signature does not match the signature on file, and the Beneficiary Change Request form contains a notification that Plaintiffs "may request additional information in order for [the] request to be processed."  DE 68-8 at 4; DE 68-12 at 20-21, 33, 56-57.

8

In conclusion, there is no genuine issue for trial as to whether the Beneficiary Change Request strictly complies with the requirements in the Settlement Agreement and the annuity contracts to change a beneficiary.  The Beneficiary Change Request is invalid because it is not in a form acceptable to Plaintiffs.  Ms. Jones's Motion for Partial Summary Judgment on Count One of the Amended Crossclaim is granted.

## V.   CONCLUSION

For the foregoing reasons, Defendant Mary Lou Jones's Motion for Partial Summary Judgment on Count One of the Amended Crossclaim [DE 67] is **GRANTED**.  The Beneficiary Change Request that Ralph Fowler purportedly executed on October 6, 2017, is invalid and unenforceable.

By **January 28, 2019**, Defendants Ms. Jones and Ms. Fowler shall file a joint notice explaining which issues, if any, remain to be adjudicated in this case before final judgment is entered.  Defendants Ms. Jones and Ms. Fowler shall also inform the Court whether they believe that a status conference would be beneficial and, if so, the topics of discussion for the status conference.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of January, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record